IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| Darryl Moody, In Propria Persona,<br>Petitioner, | Honorable Renee Marie Bumb |
| vs. | Case No. 21-12004 |
| David E. Ortiz, Warden, Fort Dix - FCI<br>Respondent. | Dated: September 28, 2021 |

Reply To Respondent's Answer To Petition For A Writ Of Habeas Corpus

COMES NOW, Darryl Moody, a litigant appearing In Propria Persona in accordance with <u>Haines v. Kerner</u>, 404 U.S. 519, 520 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), entering his Reply To Respondent's Answer To Petition For A Writ Of Habeas Corpus and Affidavit of Rebuttal to Declaration of Jason Bazydlo. Petitioner requests this Honorable Court to construe his Petition in accordance with the Liberal Pleading Doctrine Act.

The Respondent's answer to Petitioner's writ weighs little merit in light of the guidelines promulgated in the First Step Act of 2018 and the well established standing of <u>Goodman v. Ortiz</u>, No. 2020-cv-07582 (Nov. 22, 2020), and should be denied for the following reasons stated herein below and Petitioner's § 2241 shall be granted:

Darryl Moody has a statutorily created liberty interest pursuant to the First Step Act, Section 3635-3 (A),(B), and (C) whereas the Respondent's failure to recongnize or apply that under Section (C)(ii) which states: family relationship building, structured parent-child interaction, and

parenting skills; (iii) classes on morales or ethics; (iv) academic classes; (v) cognitive behavioral treatment; (vi) mentoring; (vii) substance abuse treatment; (viii) vocational training; (ix) faith-based classes or services; (x) civic engagement and reintegrative community services; (xi) a prison job, including through a prison work program; (xii) victim impact classes or other restorative justice programs; and (xiii) trauma counseling and trauma-informed support programs, which also qualify Petitioner for Earned Good Time credit.

Although the Director of the Bureau of Prisons implemented and completed the Risk and Needs Assessment, pursuant the First Step Act, for each prisoner, and based on that determination, the case managers began to assign prisoners to the appropriate Evidence-Based Recidivism Reduction programs. Staff shall not be bias or pick and choose which Evidence-Based Recidivism Reduction programs and Productive Activities qualify each inmate for Earned Good Time credits when the Act has already been rectified under statute and Case law. In the instant case, the Respondent says the BOP has identified the following "needs" that agency staff should assess for each inmate. Id. at page 3 of Respondent's Reply. However, none of the hand-picked "needs", as indicated by the Fort Dix - FCI Staff Case Manager Jason Bazydlo, identifies with the Petitioner's Needs and the Productive Activites that he has participated in. Pursuant the before mentioned First Step Act, Section 3635 (C)(ix) Faith-based Classes or Services. Respondent has this qualification, although not acknowledged or credited on the Petitioner's behalf, where in fact Petitioner participates in weekly Jummah Services as a devout "Sunni Muslim" and other classes or services pertaining to his faith as scheduled. These hours allotted to his person for this faith-based service are not only

not taken into consideration, but being ignored, although this time is still being accumulating as of today. Under the same Section, number (xi) a Prison Job. The Petitoner does have a job as the Institution's Barber, for which he receives a monthly pay; but is also not recognized by Respondent. Those hours associated to this service, which Petitioner is still performing, are being snubbed as well.

As the Fort Dix - FCI Complex remains on modified operations with a limited movement schedule due to the rise in the COVID Delta variant in this region, Petitioner's productive activities are restricted and he can only perform tasks in the housing unit, which he does daily. As far as Petitioner's Risk Assessment score is concerned, when viewing the Inmate Program Skills And Development Sheet compiled on Petitioner by Fort Dix - FCI Unit Team Staff, which is attached hereto and incorporated herein, by reference, Petitioner is currently on the waiting list for many Evidence-Based Recidivism Reduction identified programs and has been in compliance with any and all other recommendations. Petitioner states that he has a liberty interest to Earned Good Time credits pursuant to the Faith-based Services and holding a prison job in accordance with the Evidence-Based Recidivism Reduction program and Productive Activity under Section 3635 -3521 of the First Step Act. The Respondent's refusal to acknowldege this interpretation is without merit, and the Petitioner's § 2241 Petition should be GRANTED on the Act itself. Petitioner respectfully requests that his § 2241 application for Earned Good Time credit pursuant to Goodman v. Ortiz, Id., be GRANTED.

Pursuing Administrative Remedy Is Not Required

Petitioner files this § 2241 Pursuant to the Goodman v. Ortiz, Id., case

decided here in this United States District Court, which did not file an Administrative Remedy process. Neither did he do an Appeal to the Warden because pursuant to Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 234 (2d Cir. 2001), the PLRA does not apply to 18 U.S.C. § 2241. When the First Step Act passed in 2018, the Risk and Needs Assessment system under Section 3632 "(5)"; stated that the case managers were to reassign the prisoner to appropriate Evidence-Based Recidivism Reduction programs or Productive Activities based on the revised determination to ensure that - "(A) all prisoners at each risk level have a meaningful opportunity to reduce their classification during the period of incarceration; When this is not done on the behalf of the inmate a § 2241 is the correct vehicle to challenge the handling of how an inmates sentence is being carried out. However, the Petitioner submitted a cop-out to his Case Manager, giving the opportunity to correct their mistakes, which was more than Petioner needed to do. Inasmuch, in accordance to the First Step Act of 2018, the Unit Team had until "2019" to conduct the Risk and Needs Assessment of their case loads and should have known Petitioner's needs and assigned Petitioner to the appropriate Evidence-Based Recidivism Reduction programs and Productive Activities, which in this case was clearly not done. No where under the First Step Act, Title I, Recidivism Reduction section does Congress state that an inmate has to exhaust the Administrative Remedies in order for an inmate to receive their Earned Good Time credits.

Furthermore, the Evidence-Based Recidivism Reduction program and Productive Activities that Petitioner was already assigned to has not been calculated or even considered on the behalf of Petitioner by his case manager. This is the only reason the Petitioner filed this § 2241 seeking 1006 days Earned Good Time credits.

## Conclusion

WHEREFORE, the above stated facts and the Goodman v. Ortiz case along with the First Step Act of 2018, the Petitioner requests for his § 2241 to be GRANTED and that the Bureau of Prisons be Ordered to award the due 1006 days Earned Good Time credit his liberty interest qualifies his person to acquire.

Respectfully submitted,

Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartford & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

# CERTIFICATE OF SERVICE

I, Darryl Moody, Certify that prior to 5:00pm on September 28, 2021, the true and correct required copies of the attached REPLY TO RESPONDENT'S ANSWER TO PETITION FOR A WRIT OF HABEAS CORPUS, with, if any, all attachments, exhibits, memorandums of points, authorities, affidavits, and supporting documents, were deposited in a United States Postal Service mailbox in Fort Dix Federal Correctional Institution housing unit 5802, in accordance with Rule 4 of the Federal Rules of Civil Procedure, and in accordance with the "Mailbox Rule" established in Houston v. Lack, 487 U.S. 266 (1988). These articles were in sealed, properly-addressed envelope(s), with first class postage duly paid and affixed to the envelope(s) for delivery via United States Postal Service with the envelope(s) addressed as follows:

Filed with:

United States District Court
For the Distric of New Jersey
Camden Division
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey  08102-1570

David E. Ortiz, Warden
Fort Dix - Federal Correctional Institution
Post Office Box 38
Joint Base MDL, New Jersey  08640-0902

The undersigned declares under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that all of the statements made in this Certificate of Service are true and correct to the best of the undersigned's knowledge. If called to testify as a witness in this matter, the undersigned could and would competently testify to each of the facts set fourth in the Certificate.

This Certification was executed on September 28, 2021.

_____
Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartford & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DISTRICT

| | |
|---|---|
| Darryl Moody, In Propria Persona,<br>　　　　　Petitioner, | Honorable Renee Marie Bumb |
| vs. | Case No. 21-12004 |
| David E. Ortiz, Warden, Fort Dix - FCI<br>　　　　　Respondent. | Dated: September 28, 2021 |

Affidavit Of Rebuttal To Declaration Of Jason Bazydo
And Support Of Petitioner's § 2241 Reply To Respondent's Answer To Petition
For Writ Of Habeas Corpus

COMES NOW, Darryl Moody, a litigant appearing In Propria Persona in accordance with Haines v. Kerner, 404 U.S. 519 92 S.Ct. 594 30 L.Ed.2d 652 (1972), incorporating by reference his Affidavit of Rebuttal to Declaration of Jason Bazydlo In Support of Petitioner's § 2241 Reply to Respondent's answer to Petition For A Writ of Habeas Corpus which states the following:

Darryl Moody, under the penalty of perjury, deposes and says:

1. I am Petitioner in the above entitled case. I make this Affidavit of Rebuttal to Declaration of Jason Bazydlo [and/in] Support of Petitioner's § 2241 reply to Respondent's answer to Petition for A Writ of Habeas Corpus.

2. On December 3, 2019, I was found to be eligible to earn Earned Good Time credits under 18 U.S.C. § 3632(d), and I was not disqualified under the statute.

3. After the Risk Assessment was conducted on me by Fort Dix - FCI Unit Team

Staff, it was determined I was a medium risk for recidivism. On July 13, 2020, at my subsequent six month Unit Team meeting, I was reassessed and again deemed to be a medium risk for recidivism. On May 19, 2021, my third reassessment also deemed I am a medium risk for recidivism.

4. During each Risk Assessment I have always maintained the following Section of § 3635: (ix) faith-based classes or services by participating in "Summah" as a devote "Sunni" Muslim every Friday of the month three-hundred sixty-five days per year.

5. During each Risk Assessment I have always maintained the following Section of § 3635: (xi) a prions job, including through a prison work program by being a Licensed Barber on the Fort Dix - FCI Complex since my arrival at this facility.

6. I have also maintained clear conduct for over a two (2) year period, but have not received any point deduction by Case Manager Jason Bazyldo, which would help my Risk and Needs Asessment progress chart decrease from a medium to a low risk for recidivism, which would also reflect my Custody Classification by my person being housed at a low security facility in the Bureau of Prisons.

7. I agree with Case Managers Jason Bazyldo's statements 6,7,8,9,11 and 12. As far as statements 13 and 14, I have never witnessed any assessment or received any written documentation from Case Manager Jason Bazydlo stating that I have an Anger/Hostility need. I have always been assigned to a work assignment.

8. I have never received or been presented with any written documentation stating that I have a need for substance abuse under line 16, nor have I ever received or been presented with any written documentation stating I have a need in Family/Parenting.

9. I have never been presented with any written documentation or received any PSIQ self-report screening tool in the areas of Antisocial Peers and Trauma, in which I refused or declined to complete or to participate in. I never had any knowledge this even existed.

10. I was never properly reassessed by Case Manager Jason Bazyldo whereas through, my Risk and Needs would have changed from medium to low. After an assessment of the fact that I have continously participated in the faith-based services, and hold a job as a Barber, in compliance with the Productive Activity section of the First Step Act, warrant such a reduction.

11. Unicor Prions Industries is not the only Evidence-Based Recidivism Reduction or Productive Activity needed to receive Earned Time credits.

12. I state that the above stated are true and correct and not meant to mislead so help me god.

13. That every statement rebutted to Jason Bazydlo's Declaration is to be rebutted line for line or else this Rebuttal Affidavit shall stand as truth and facts in any Court of law therefore settling any Proof of Claim.

Furthmore, Affiant Saith Not.
Witness My Hand and Seal _____
Done on this 28 Day of September, 2021.

Respectfully submitted,

_____
DARRYL MOODY, Affiant
No. 72069-066
Fort Dix - FCI
5756 Hartford & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

# CERTIFICATE OF SERVICE

I, Darryl Moody, Certify that prior to 5:00pm on September 28, 2021, the true and correct required copies of the attached AFFIDAVIT OF REBUTTAL TO DECLARATION OF JASON BAZYDLO AND SUPPORT OF PETITIONER'S § 2241 REPLY TO RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS, with, if any, all attachments, exhibits, memorandums of points, authorities, affidavits, and supporting documents, were deposited in a United States Postal Service mailbox in Fort Dix Federal Correctional Institution housing unit 5802, in accordance with Rule 4 of the Federal Rules of Civil Procedure, and in accordance with the "Mailbox Rule" established in Houston v. Lack, 487 U.S. 266 (1988). These articles were in sealed, properly-addressed envelope(s), with first class postage duly paid and affixed to the envelope(s) for delivery via United States Postal Service with the envelope(s) addressed as follows:

Filed with:

United States District Court
For the Distric of New Jersey
Camden Division
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey  08102-1570

Served upon:

David E. Ortiz, Warden
Fort Dix - Federal Correctional Institution
Post Office Box 38
Joint Base MDL, New Jersey  08640-0902

The undersigned declares under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that all of the statements made in this Certificate of Service are true and correct to the best of the undersigned's knowledge. If called to testify as a witness in this matter, the undersigned could and would competently testify to each of the facts set fourth in the Certificate.

This Certification was executed on September 28, 2021.

Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartford & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

DARRYL [REDACTED]
FED. REG. NO# 70069-066
UNIT 5802
FEDERAL CORRECTIONAL INSTITUTION
FORT DIX
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

28 U.S.C. § 1746 LEGAL MAIL

RECEIVED
OCT - 7 2021
AT 8:30
WILLIAM T. WALSH, CLERK

ATTN: CLERK OF COURT'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION
MITCHELL H. COHEN U.S. COURTHOUSE
400 COOPER STREET, ROOM 1050
CAMDEN, NEW JERSEY 08102

08102-151000