Darryl Moody
No. 72069-066
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey  08640-0902

RECEIVED

MAR 17 2022

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN DIVISION

| | |
|---|---|
| Darryl Moody, In Propria Persona,<br>Petitioner,<br><br>vs.<br><br>David E. Ortiz, Warden,<br>Respondent. | Honorable Renee Marie Bumb<br><br>Civil No 21-12004 (RMB)<br><br>Noted: March 5, 2022 |

Opposition to Respondent's Request
for Extension of Time to File for Supplement Response Ordered by the Court

COMES NOW, Darryl Moody, the Petitioner appearing In Propria Persona, who submits this Opposition to Respondent's Request for an Extension of Time to File the Supplemental Response Ordered by the Court. The Petitioner urgently, yet respectfully requests that this Honorable Court deny the Request for Extension on behalf of the United States from February 23, 2022 to March 25, 2022. The reasons supporting this denial are stated herein below:

1. This Honorable Court's investigation of records has in fact determined the Petitioner to be eligible to receive the Earned Time Credits under the Bureau of Prison's (BOP) policies and proposed rules;

2. Petitioner's request for Earned Time Credit pursuant to the well

established precedent set in Goodman v. Ortiz, was as a single individual Petition and not a class action Petition;

3. The government, in their response, already intuits that they intend to institute Earned Time Credits in a manner that runs contravening the First Step Act's language and the president set in Goodman v. Ortiz; and

4. The Bureau of Prisons and Fort Dix - FCI has had nearly four (4) years since the enactment of the First Step Act, and more than half a year since the Petitioner submitted this matter to this Honorable Court, to appropriately apply the retroactive Earned Time Credits to Petitioner as established in the First Step Act and in Goodman v. Ortiz, but has refused to.

As previously stated in Petitioner's Reply To Respondent's Answer To Petition For A Writ Of Habeas Corpus and the Affidavit Of Rebuttal To Declaration Of Jason Bazydo, the Petitioner has a statutuorily created liberty interest pursuant to the First Step Act, Section 3635-3 (A)(B) and (C) whereas the Respondent's failure to recognize and apply the Act under Section (C)(ii) is committing a grave injury and harm to Petitioner because it has been nearly four (4) long years since the BOP and Fort Dix - FCI staff has been aware of Petitioner's eligibility pursuant to the Act to in fact receive those Earned Time Credits towards his federal sentence. Long before the new and final rule of the BOP's policy, the two entities have known that the Petitioner does in fact qualify to receive such credits. Petitioner has attached and incorporated by reference his inmate skills and development transcripts, education transcript, work detail transcripts, and Risk Assessment and Pattern Score into this Honorable Court as exhibits as proof of claim. Petitioner reminds this Honorable Court that on December 3, 2019 he

was found to be eligible for Earn Good Time credits under 18 U.S.C. § 3652(d) and not disqualified. The question now arrives as to why do those credits, which are qualified and earned on the behalf of the Petitioner, are in dispute towards Petitioner Darryl Moody? However, were immediately applied to Goodman. At the time when Goodman v. Ortiz was granted, the Risk Assessment Pattern Score was already in place and regardless of whether he was found to be a medium, low or minimum, he received those Earned Time Credits for the exact same reasons as Petitioner has presented in this instant matter. While those particular Scores categorize whether a prisoner is to receive fifteen (15) days if found to be a low or below, and ten (10) days a month if found to a medium Score or higher. As for the alleged assessed needs by the Case Manager Bazydo at the Fort Dix - FCI complex, they were never provided by the Case Manager as declared in his facts in his Affidavit of rebuttal, Id. at 7-10. Petitioner did however participate in and work in Recidivism Risk Programming AND Productive Activities, pursuant to 18 U.S.C. § 3624(a). The participation in these Productive Activities, are equally applicable, and shall not be moot, and inasmuch, applied immediately. Therefore, the government, by way of AUSA Angela E. Juneau, request for an Extension of Time, is not only unneccessary in light of well established and standing case law, but is quite simply an act to make a mockery of this Honorable Court. Again, the government has had nearly four (4) years, far more than a substantial and respectable amount of time to get the Earned Time Credits reconciled. At this point, any extension in time only serves to further delay the application of Earned Good Time credits to Petitioner's term of incarceration, and infringing on Petitioner's liberty interests. As Petitioner's date of release is fast approaching, any further delay only serves to extend Petitoner's instant matter to the point of being moot.

## Conclusion

WHEREFORE, Petitioner request this Honorable Court DENY the Fort Dix - FCI staff Respondent's request for an Extension of Time and Order the BOP and the Respondent to immediatly apply the Earned Good Time credits as requested in the § 2241 Petition Writ of Habeus Corpus, for a total of more than 1000 days of Earned Good Time credits.

Respectfully submitted,

---

Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartfort St. & Pointville Rd.
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

March 9, 2022

CERTIFICATE OF SERVICE

I, Darryl Moody, Certify that prior to 5:00pm on March 9, 2022, the true and correct required copies of the attached "OPPOSITION TO RESPONDENT'S REQUEST FOR EXTENSION OF TIME TO FILE FOR SUPPLEMENT RESPONSE ORDERED BY THE COURT," with, if any, all attachments, exhibits, memorandums of points, authorities, affidavits, and supporting documents, were deposited in a United States Postal Service mailbox in Fort Dix Federal Correctional Institution housing unit 5802, in accordance with Rule 4 of the Federal Rules of Civil Procedure, and in accordance with the "Mailbox Rule" established in Houston v. Lack, 487 U.S. 266 (1988). These articles were in sealed, properly-addressed envelope(s), with first class postage duly paid and affixed to the envelope(s) for delivery via United States Postal Service with the envelope(s) addressed as follows:

Filed with:

United States District Court
for the District of New Jersey
Camden Division
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey 08102-1570

Served upon:

David E. Ortiz, Warden
Fort Dix - Federal Correctional Institution
Post Office Box 38
Joint Base MDL, New Jersey
08640-0902

The undersigned declares under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that all of the statements made in this Certificate of Service are true and correct to the best of the undersigned's knowledge. If called to testify as a witness in this matter, the undersigned could and would competently testify to each of the facts set forth in the Certificate.

This Certification was executed on March 9, 2022.

---------------------------------------
Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

Darryl Moody
No. 72069-066
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey  08640-0902

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN DIVISION

| | |
|---|---|
| Darryl Moody, In Propria Persona,<br>Petitioner, | Honorable Renee Marie Bumb |
| vs. | Civil No 21-12004 (RMB) |
| David E. Ortiz, Warden,<br>Respondent. | Noted: March 5, 2022 |

Opposition to Respondent's Request
for Extension of Time to File for Supplement Response Ordered by the Court

COMES NOW, Darryl Moody, the Petitioner appearing In Propria Persona, who submits this Opposition to Respondent's Request for an Extension of Time to File the Supplemental Response Ordered by the Court. The Petitioner urgently, yet respectfully requests that this Honorable Court deny the Request for Extension on behalf of the United States from February 23, 2022 to March 25, 2022. The reasons supporting this denial are stated herein below:

1. This Honorable Court's investigation of records has in fact determined the Petitioner to be eligible to receive the Earned Time Credits under the Bureau of Prison's (BOP) policies and proposed rules;

2. Petitioner's request for Earned Time Credit pursuant to the well

established precedent set in Goodman v. Ortiz, was as a single individual Petition and not a class action Petition;

3. The government, in their response, already intuits that they intend to institute Earned Time Credits in a manner that runs contravening the First Step Act's language and the president set in Goodman v. Ortiz; and

4. The Bureau of Prisons and Fort Dix - FCI has had nearly four (4) years since the enactment of the First Step Act, and more than half a year since the Petitioner submitted this matter to this Honorable Court, to appropriately apply the retroactive Earned Time Credits to Petitioner as established in the First Step Act and in Goodman v. Ortiz, but has refused to.

As previously stated in Petitioner's Reply To Respondent's Answer To Petition For A Writ Of Habeas Corpus and the Affidavit Of Rebuttal To Declaration Of Jason Bazydo, the Petitoner has a statutuorily created liberty interest pursuant to the First Step Act, Section 3635-3 (A)(B) and (C) whereas the Respondent's failure to recognize and apply the Act under Section (C)(ii) is committing a grave injury and harm to Petitioner because it has been nearly four (4) long years since the BOP and Fort Dix - FCI staff has been aware of Petitioner's eligibility pursuant to the Act to in fact receive those Earned Time Credits towards his federal sentence. Long before the new and final rule of the BOP's policy, the two entities have known that the Petitioner does in fact qualify to receive such credits. Petitioner has attached and incorporated by reference his inmate skills and development transcripts, education transcript, work detail transcripts, and Risk Assessment and Pattern Score into this Honorable Court as exhibits as proof of claim. Petitioner reminds this Honorable Court that on December 3, 2019 he

was found to be eligable for Earn Good Time credits under 18 U.S.C. § 3652(d) and not disqualified. The question now arrives as to why do those credits, which are qualified and earned on the behalf of the Petitioner, are in dispute towards Petitioner Darryl Moody? However, were immediately applied to Goodman. At the time when Goodman v. Ortiz was granted, the Risk Assessment Pattern Score was already in place and regardless of whether he was found to be a medium, low or minimum, he received those Earned Time Credits for the exact same reasons as Petitioner has presented in this instant matter. While those particular Scores categorize whether a prisoner is to receive fifteen (15) days if found to be a low or below, and ten (10) days a month if found to a medium Score or higher. As for the alleged assessed needs by the Case Manager Bazydo at the Fort Dix - FCI complex, they were never provided by the Case Manager as declared in his facts in his Affidavit of rebuttal, Id. at 7-10. Petitioner did however participate in and work in Recidivism Risk Programming AND Productive Activities, pursuant to 18 U.S.C. § 3624(a). The participation in these Productive Activities, are equally applicable, and shall not be moot, and inasmuch, applied immediately. Therefore, the government, by way of AUSA Angela E. Juneau, request for an Extension of Time, is not only unneccessary in light of well established and standing case law, but is quite simply an act to make a mockery of this Honorable Court. Again, the government has had nearly four (4) years, far more than a substantial and respectable amount of time to get the Earned Time Credits reconciled. At this point, any extension in time only serves to further delay the application of Earned Good Time credits to Petitioner's term of incarceration, and infringing on Petitioner's liberty interests. As Petitioner's date of release is fast approaching, any further delay only serves to extend Petitoner's instant matter to the point of being moot.

## Conclusion

WHEREFORE, Petitioner request this Honorable Court DENY the Fort Dix - FCI staff Respondent's request for an Extension of Time and Order the BOP and the Respondent to immediatly apply the Earned Good Time credits as requested in the § 2241 Petition Writ of Habeus Corpus, for a total of more than 1000 days of Earned Good Time credits.

Respectfully submitted,

Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartfort St. & Pointville Rd.
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

March 9, 2022

CERTIFICATE OF SERVICE

I, Darryl Moody, Certify that prior to 5:00pm on March 9, 2022, the true and correct required copies of the attached "OPPOSITION TO RESPONDENT'S REQUEST FOR EXTENSION OF TIME TO FILE FOR SUPPLEMENT RESPONSE ORDERED BY THE COURT," with, if any, all attachments, exhibits, memorandums of points, authorities, affidavits, and supporting documents, were deposited in a United States Postal Service mailbox in Fort Dix Federal Correctional Institution housing unit 5802, in accordance with Rule 4 of the Federal Rules of Civil Procedure, and in accordance with the "Mailbox Rule" established in Houston v. Lack, 487 U.S. 266 (1988). These articles were in sealed, properly-addressed envelope(s), with first class postage duly paid and affixed to the envelope(s) for delivery via United States Postal Service with the envelope(s) addressed as follows:

Filed with:

United States District Court
for the District of New Jersey
Camden Division
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey  08102-1570

Served upon:

David E. Ortiz, Warden
Fort Dix -- Federal Correctional Institution
Post Office Box 38
Joint Base MDL, New Jersey
08640-0902

The undersigned declares under penalty of perjury, and in accordance with 28 U.S.C. § 1746, that all of the statements made in this Certificate of Service are true and correct to the best of the undersigned's knowledge. If called to testify as a witness in this matter, the undersigned could and would competently testify to each of the facts set forth in the Certificate.

This Certification was executed on March 9, 2022.

_____
Darryl Moody, In Propria Persona
No. 72069-066
Fort Dix - FCI
5756 Hartford Street & Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

Darryl Moody Sr. 72069.066
In Propria Persona
Fort Dix - FCI
5756 Hartford Street + Pointville Road
Post Office Box 2000
Joint Base MDL, New Jersey
08640-0902

RECEIVED
MAR 1 2022

United States District Court
For the District of New Jersey
Camden Division
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050